## McCabe *v.* Lee.

### Opinion delivered March 20, 1916.

EXECUTIONS—EXISTENCE OF LIEN—RIGHT OF LEVYING OFFICER—SUBSEQUENT MORTGAGE.—An execution constitutes a lien from the time of its issuance and levy; by the levy the officer acquires a special interest in the property of the judgment debtor, which has been levied

upon, which he may protect by suit and where the execution is renewed in accordance with the statute (Kirby's Digest, § § 4642-44) during its life or before it becomes *functus officio,* the lien is continued, and the officer has the right to seize the property under the execution, and his right is superior to any right acquired by a mortgagee of the property, where the mortgage was not recorded until after the issuance and levy of the execution.

Appeal from Clay Circuit Court, Western District; *W. J. Driver,* Judge; affirmed.

### STATEMENT BY THE COURT.

Appellee, the constable of Gleghorn Township, Clay County, levied an execution, issued upon the 22nd day of October, 1914, upon a judgment in the justice court obtained by J. P. Pugsly against Charles Harper, upon a cow, the property of Harper, which he took into possession and advertised for sale on the 7th day of November, 1914.

John McCabe brought replevin against appellee on that day, claiming the right to the possession of the cow under a chattel mortgage executed by said Harper to him on the 18th day of March, 1914, which was filed for record on the 3rd day of Nov. 1914. On the 16th of Nov., after the service of the writ of possession in the replevin suit, the appellee, S. O. Lee, by order of the plaintiff in execution, returned the execution with the endorsement "Not satisfied" for renewal, and it was endorsed by the justice in accordance with the statute.

Appellee executed a retaining bond and upon the trial of the replevin suit judgment was rendered in McGehee's favor against him, from which he appealed to the circuit court where upon trial the court found the value of the cow and declared the lien of the constable under the execution superior to the mortgage lien, same having been fixed prior to the filing of the mortgage and rendered judgment against appellant, from which he brings this appeal.

*C. T. Bloodworth,* for appellant.

1. The mortgage lien was superior to the lien of the execution. The plaintiff in execution directed the officer to return the execution not satisfied and had it renewed for one year. By this action, the lien acquired by the first

levy·was lost and waived.  17 Cyc. 1071, 1057, 1058 and note 33; 18 Ark. 309; 23 *Id.* 268; 109 *Id.* 151; 94 *Id.* 296; 58 *Id.* 289.  The rights of a third party had intervened and the court erred in its findings of law.

The appellee *pro se.*

Appellee by the levy acquired a special interest in the property.  Duffie & Hill's Arkansas Justice par. 505-508. Pugsly had a right to direct that the execution be returned "unsatisfied for the purpose of renewal." *Ib.* p. 515. The renewal continued in force the lien of the the first levy which was prior to the lien of the mortgage.  27 Ark. 20; 8 *Id.* 395; 23 *Id.* 268; 40 *Id.* 146; 51 *Id.* 417; 12 *Id.* 497; 8 Ark. 69, 388, 395; 58 *Id.* 417; 27 *Id.* 25; 12 *Id.* 421.

Kɪʀʙʏ, J. (after stating the facts).  The execution constituted a lien upon the property of the judgment debtor, which continued as long as the writ remained in force, and the general rule is "in the absence of express statutory enactment an execution has no legal effect as such, after its return day, and on the return of an execution *nulla bona,* its lien expires, yet the title vested in an officer by virtue of his levy remains until divested by subsequent proceedings, and he may proceed to advertise and sell the property by virtue of his title acquired by levy after the return day of the writ." 17 Cyc. 1072; 2nd. Freeman on Executions, 202.

The property had been levied on and taken into possession of the officer under the authority of the execution before appellant acquired a lien under his mortgage which had not been recorded until afterward, and the officer could have proceeded with the sale of the property even after the return day of the writ, but he returned it before the day, under the direction of the judgment creditor, unsatisfied, and caused it to be renewed by proper endorsement thereon, under the authority of Sections 4642- 4644, Kirby's Digest.  By the terms of the statute such endorsement of renewal continues the execution in full force in all respects for 12 months after the endorsement made. The execution constituted a lien from the time of its issuance and levy, and by the levy of it, the officer acquir-

ed a special interest in the property of the judgment debt- or levied upon, which he could protect by suit, and the ex- ecution being renewed in accordance with the statute, dur- ing its life or before it became *functus officio,* continued the lien and the right of the officer to the property seized under it from the time of its levy until the disposition thereof, according to law, and his right was superior to any right that could be acquired by appellant under his mortgage, which was not recorded until after the issuance and levy of the execution.

The judgment is affirmed.